Dr. Ruth Steele, Director General Education Division Department of Education 4 State Capitol Mall Little Rock, AR 72201
Dear Dr. Steele:
This is in response to your opinion request wherein you posed the following inquiry:
 Does Act 591 of 1987 govern the attendance of special education students residing in a school district separate and apart from their parents, guardians, or other persons in lawful control of them?
For the following reasons, it is the opinion of this Office that the answer to your question is yes.
Act 591 of 1987 provides in pertinent part as follows:
 SECTION 1. (a) The public schools of any school district in this State shall be open and free through completion of the secondary program to all persons in this State between the ages of five (5) and twenty-one (21) years whose parents, legal guardians or other person(s) having lawful control thereof under an order of a court reside within the school and to all persons between those ages who have been legally transferred to the district for education purposes. Any person eighteen (18) years of age or older may establish a residence separate and apart from his parents or guardians for school attendance purposes. (b) In order for a person under the age of eighteen (18) years to establish a residence for the purpose of attending the public schools separate and apart from his parents, guardians or other person(s) having lawful control of him under an order of a court, he or she must actually reside in the district for a primary purpose other than that of school attendance.
A literal reading of the act in question clearly evidences an intent that no particular class of students be excluded except those who are residing in a district for the sole "purpose . . . of school attendance."
Furthermore, the Education of the Handicapped Act would prohibit disparate treatment of handicapped students. Arkansas Act 102 of 1973, as amended, also contains such a prohibition. That equal protection of the law must extend to handicapped students was made abundantly clear by the U.S. Supreme Court in the case of Rowley v. Board of Education of the Hendrick Hudson Central School District. 458 U.S. 176, 102 S.Ct. 3034 (1982)
For the above reasons, then, it is the opinion of this Office that Act 591 of 1987 must constitutionally and statutorily be interpreted to govern the attendance of special education students in the same manner as it would govern the attendance of non-handicapped students residing in a school district separate and apart from their parents, guardians or other person(s) having lawful control of them.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.